Chief Justice Robertson
delivered the opinion of the court.
Triplett sued Stephen Mockbees, as administrator of Thomas Mockbees, in indebitatus assumpsit, for $100, on an alleged promise, by the intestate, to pay liim that sum for his services in his behalf, and as his counsellor and attorney at law in three suits, in which he was a party. On the general issue, the jury, in obedience to the instruction of the court, found a verdict for the defendant, and the court gave judgment accordingly.
Only one witness was examined on the trial, and he proved that Triplett had rendered some service in two of the suits; that Mockbees, the intestate, said that he would pay Triplett $100, as a fee in the three suits, whenever they should be determined; that they had not been decided; and that TripleLthad removed from, the circuit in which they were pending..
Although, by the death of Mockbees, Triplett ceased to be his attorney, nevertheless, as the fee was not, according to the contract, payable before determination, of the suits, this suit was not maintainable before they had been decided.
It is not proper now to decide, whether or not Triplett might maintain a suit for the .$100, as soon as these suits shall have been determined; nor shall we intimate whether, if he would then have a cause of action, he should sue on the special contract, or upon a quaivturn meruit.
The case of Campbell's heirs vs. Kincaid, in III Monroe, is not, how ever, like this case. In that, the fee was contingent; in this, there is no contingency o condition precedent. The undertaking^., the. .attorney was the consideration of the assunipsitji by.,th.e..)client. The performance of the service by’ the ”altoVñc;y,.,isyiof a condition precedent to the client’s liability. But that liability, whatever it may be, cannot be enforced until after the determination of the suits, because the fee is not due until then. If Triplett lias any available *220 right under the contract, his suit was brought prematurely..
Triplett, for plaintiff.
Wherefore, the judgment is affirmed.